IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **1:12-cv-02609-JLK**

**CARY NICKOLLS; JAMES BUNDY; GARRET BODEN; CHANDA BORCHOWIEC; CHRISTBORCHOWIEC; HEATHER BRITTON; MELINDA BURNETT; KATHERINE A. COOK; TAMMY DEITZ; JOAN DIMAURO; EMILIE GUNDERSON; TINA M HETLEY; ERIC HULETT; LOGAN HUYERT; HEIDI JAGGI; ALLISON MEYER; AND TERRY ROUSH**

    Plaintiffs,

v.

**CITY OF LONGMONT;** and
**COLORADO FRATERNAL ORDER OF POLICE, LONGMONT FRATERNAL ORDER OF POLICE LODGE 6**,

    Defendants.

## ORDER DENYING MOTION TO DISMISS

Kane, J.

Defendants City of Longmont ("City") and Colorado Fraternal Order of Police, Longmont Fraternal Order of Police Lodge 6 ("FOP") have moved under FRCP 12(b)(6) to dismiss Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief (Doc. 12) on the theory that "Plaintiffs' suit is untimely pursuant to the applicable statute of limitations." Doc. 20 at 1. Defendants mistake what the applicable statute of limitations is, however, and thus I DENY the motion.[1]

---

[1] Under FRCP 12(b)(6), dismissal obtains where the complaint contains insufficient allegations of fact "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In considering whether dismissal is appropriate, all well-pleaded factual allegations in a complaint must be accepted as true and viewed in the light most favorable to the plaintiff. *Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1178 (10th Cir. 2012). To this canon of complaint construction, the Tenth Circuit has added that a court cannot "rewrite a [complaint] to include claims that were never presented."

DISCUSSION

Plaintiffs plead this lawsuit as a civil rights action under 42 U.S.C.§ 1983, alleging that, under color of Colorado law, Defendants have deprived, and are threatening to continue to deprive, Plaintiffs of their constitutional rights, from which allegations Plaintiffs seek various forms of relief.  Specifically, Plaintiffs object to an "agency shop" provision contained within an employment agreement between City and FOP that requires Plaintiffs to remit so-called "fair share" fees.  Plaintiffs contend their obligation is illegal, because it does not meet "the constitutional requirements for the ... collection of agency fees." *Teachers Local No. 1 v. Hudson*, 475 U.S. 292, 310 (1986).  Plaintiffs assert the demand for payment and collection of these fees has been conducted in a manner which violates Plaintiffs' First, Fifth, and Fourteenth Amendment rights as set forth by the United States Supreme Court in *Hudso*n.  Defendants do not deny Plaintiffs bring their suit under §1983.

It is well settled that federal courts must borrow the statute of limitations applicable to personal injury claims in the forum state for § 1983 suits. *See Wilson v. Garcia*, 471 U.S. 261, 276-80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).  Colorado's statute for personal injury actions sets a two-year period for filing, and regardless of which particular subsection is applied, Plaintiffs' suit falls comfortably within the applicable limitations period.  Colorado law provides two-year limitations period for both "All actions upon liability created by a federal statute where no period of limitation is provided in said federal statute," C.R.S. § 13-80-102(1)(g), and for "All

---

*Firstenberg v. City of Santa Fe, N.M.,* 696 F.3d 1018,1024 (10th Cir. 2012), quoting *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), quoting *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998) (internal quotation marks omitted).  Likewise, the converse holds true, courts cannot rewrite plaintiffs' claims as they wish them to be, rather than what they are.  *See Bromley v. Michigan Education Ass'n*, 815 F.Supp. 220, 221 (E.D.Mich. 1993) ("The applicable statute of limitations depends upon the nature of the action.  The nature of the action must be determined from the plaintiffs' complaint, and not the defendants' view of what the complaint should be."), *aff'd on other grounds*, 82 F.3d 686 (6th Cir. 1996).

other actions of every kind for which no other period of limitation is provided." C.R.S. § 13-80-102(1)(i). Accordingly, because this case was filed on October 2, 2012 and Plaintiffs claims arose no earlier than February 25, 2011, Plaintiffs correctly maintain that their claims are timely.[2]

Defendants urge an exception to the established rule, arguing that I should ignore that the case is brought under § 1983 and apply the six-month statute of limitations governing actions for breach of the duty of fair representation. Relying in the main upon *Lancaster v. Air Line Pilots Ass'n Intern.*, 76 F.3d 1509, 1527 (10th Cir. 1996), Defendants' creative but knavish argument goes as follows: "While the vehicle for Plaintiffs' claim is § 1983, 'The six-month statute of limitations governing actions for breach of the duty of fair representation applies to [such] actions under ... the First and Fifth Amendments.'" Doc. 20 at 4, *citing Lancaster*, 76 F.3d at 1527. What Defendants crucially omit by ellipses is that the *Lancaster* plaintiffs were also bringing their suit under § 2, Eleventh of the Railway Labor Act, 45 U.S.C. § 152 ("RLA").

The exact language of the Tenth Circuit's holding is: "The six-month statute of limitations governing actions for breach of the duty of fair representation applies to actions under § 2, Eleventh of the Railway Labor Act and the First and Fifth Amendments." *Id.* Because the constitutional claims in *Lancaster* were alleged separately from the RLA claims, Defendants argue that the Tenth Circuit "specifically determined that the statute of limitations for all those

---

[2] The statute of limitations period begins to run when the objecting employee is "in possession of the facts underlying a possible claim against the union." *Pilots Against Illegal Dues v. Air Line Pilots Ass'n*, 938 F.2d 1123, 1125, 1134 (10th Cir. 1991). An employee is in possession of such facts when he has enough information to determine whether to object to a given assessment. *See Lancaster*, 76 F.3d at 1527. For purposes of this Motion, I set this date at February 25, 2011, because that is when FOP sent a letter to Plaintiffs that presented the "fair share" requirement. If Defendants can produce evidence to show that Plaintiffs were in possession with enough information so that they could have determined whether to object to the arrangement before February 25, 2011, I am open to reconsidering the statute of limitations start date. Such a reconsideration would have no bearing on the appropriate statute of limitations, which is two-years, as explained herein.

claims was six months." Doc. 23 at 3(emphasis in the original). The Tenth Circuit did no such thing. The widest that holding sweeps is to say that hybrid actions implicating both the RLA and constitutional claims are subject to a six-month statute of limitations. Otherwise, by Defendants' (il)logic, all First and Fifth Amendment claims would be subject to a six-month statute of limitations.

Defendants also assign an undeserved significance to *Lancaster*'s citation to *Crawford v. Air Line Pilots Ass'n. Int.l*, 870 F.2d 155, 159 (4th Cir. 1989), *aff'd*, 922 F.2d 1295, 1302 (4th Cir. 1993). As in the instant case, the *Crawford* plaintiffs argued their constitutional claim demanded the application of a two-year personal injury statute of limitations while defendants argued that the six-month breach of duty of fair representation statute of limitations controlled. From the existence of this dispute in *Crawford,* Defendants assert that the Tenth Circuit must have been aware of the competing arguments when it decided *Lancaster*. Based on this awareness, Defendants' view continues, the court's decision in *Lancaster* to use a six-month statute of limitations must have been deliberate and stands for a rejection of a two-year statute of limitations for constitutional claims sounding in breach of duty of fair representation. Not so.

First, citing to *Crawford* may evidence an awareness of the issue, but there is no suggestion that the Tenth Circuit found *Lancaster* to present the issue. There is not the slightest mention of any party lobbying for a two year limitations period in *Lancaster*, but rather the sole statute of limitations issue appears to have been what sort of notice is sufficient to toll the statute of limitations in a breach of the duty of fair representation case. *Lancaster*, 76 F.3d at 1528. Second, assuming *arguendo* that the Tenth Circuit did wish to impose a six-month statute of limitations upon all hybrid agency fee/constitutional claims, one would expect *Lancaster* to distinguish from the *Bromley* line of cases, one of which it also cites. *Id.* at 1522. In the

*Bromley* case cited above, the court unequivocally rejected applying a six-month statute of limitations for hybrid agency fee/constitutional claims, and unlike in *Lancaster*, the opinion is manifest that such was over defendants' objections. "This action may be a "hybrid" arbitration review/§ 1983 action. Nevertheless, even from defendants' view of the law, it is still a suit for relief pursuant to 42 U.S.C. § 1983." *Bromley*, 815 F.Supp. at 222. I note also that *Crawford* itself expressed no opinion as to what is the correct statute of limitations, because the case was brought within six months in any event. *Crawford*, 8709 F.2d at 159.

## CONCLUSION

This Court has repeatedly recognized that a two-year statute of limitations applies to civil rights actions under 42 U.S.C. § 1983, and there is no authority to depart from this rule. Defendants' Motion to Dismiss, Doc. 20, is DENIED.

DATED:     January 30, 2013                    BY THE COURT:
                                               /s/John L. Kane
                                               U.S. Senior District Judge